JOSEPH HIRSCH *v.* ROLAND VEGIARD

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 6—decided November 21, 1950

*Ufa E. Guthrie,* for the appellant (defendant).

*Henry C. Stone,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff brought this action to recover the amount claimed to be due under an oral agreement for the installation of plumbing fixtures. The court rendered judgment for the plaintiff and the defendant has appealed.

The court found these facts: The defendant owned a parcel of land upon which he was erecting a house. The plaintiff had a written contract with him to install the plumbing. While performing the work, the plain-

tiff, at the defendant's request, quoted a price of $200 for an additional toilet on the first floor. The defendant orally accepted the offer. The plaintiff installed the toilet. When the job was finished, the defendant refused to pay for it and told the plaintiff to remove the fixture. This has not been done.

The merit of the defendant's assignment of error directed at the finding cannot be determined. The record does not contain the transcript of evidence. *Aetna Ins. Co.* v. *Blumenthal*, 129 Conn. 545, 550, 29 A. 2d 751.

The defendant filed an application to rectify the appeal. Practice Book § 365. This procedure was proper under the circumstances of this case. Owing to the absence of a stenographer at the trial and to the refusal of the court to act, the finding does not present the question which the defendant seeks to have reviewed, and to attain that end it is necessary to go outside the record. *Marks* v. *Dorkin*, 104 Conn. 660, 663, 133 A. 915. The appeal is rectified to establish that the defendant testified that a Dan Francisco was not to share in the profits which might result from a sale of the property in question, while Francisco's testimony was exactly to the contrary.

The material issue was whether the defendant requested the plaintiff to install the toilet. The question which the rectified appeal presents is whether the court erred in concluding that the defendant was unworthy of belief on this issue because it determined, as the memorandum of decision discloses, that his testimony was false on the collateral issue concerning Francisco's interest in the property.

It is not clear from the record whether the defendant's statement as to Francisco's lack of interest in possible profits occurred on direct or cross examination. We shall, however, assume that it happened, as

argued, during the course of the latter. Cross-examination is to discover the truth. *Bishop* v. *Copp,* 96 Conn. 571, 575, 114 A. 682. It provides a means, among other ends, for discrediting the testimony of a witness. *Dore* v. *Babcock,* 74 Conn. 425, 429, 50 A. 1016. When pursued for that purpose, the examination frequently and legitimately enters into matters collateral to the main issues. If the witness proves to be untruthful in his answers affecting such matters, the court may take that fact into consideration in evaluating his testimony on material issues.

The untruthfulness of the defendant was not demonstrated during cross-examination. It was established by contradictory testimony subsequently admitted in evidence. The defendant could have successfully objected to the testimony. It is improper for counsel, after cross-examining a witness on a collateral matter, to call others to contradict him. *Johnson* v. *Palomba Co.,* 114 Conn. 108, 115, 157 A. 902; *Barlow Bros. Co.* v. *Parsons,* 73 Conn. 696, 702, 49 A. 205. By failing to object, the defendant, in effect, invited an appraisal of his veracity. He is now precluded from challenging the right of the court to make the use it did of the untruthfulness which the testimony disclosed. 3 Wigmore, Evidence (3d Ed.) § 1007(2). "In the nature of character, a person who would lie upon a collateral point is perhaps likely to be a more determined liar than one who dares it only upon a material point. . . ." 3 id. § 1014.

There is no error.

In this opinion the other judges concurred.