MILTON SHEIMAN, ADMINISTRATOR (ESTATE OF RUTH SHEIMAN) *v.* LEO SHEIMAN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and SHEA, Js.

Argued January 5—decided February 28, 1956

*J. Warren Upson,* for the appellants (defendants).

*David Goldstein,* with whom, on the brief, was *C. Harold Schwartz,* for the appellee (plaintiff).

BALDWIN, J. The defendants have appealed from a judgment entered upon a verdict for the plaintiff for $9000. They assigned error in the denial of their motion to set the verdict aside, but they press only the ground that it is excessive. The issue is whether the trial court abused its discretion. *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 545, 116 A.2d 167; Maltbie, Conn. App. Proc., § 114. The test is "whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *McKirdy* v.

*Cascio,* 142 Conn. 80, 86, 111 A.2d 555; *Gorczyca* v. *New York, N.H. & H.R. Co.,* 141 Conn. 701, 703, 109 A.2d 589. The refusal of the trial court to disturb a verdict is strong support for its propriety. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 575, 102 A.2d 345.

The plaintiff's decedent, Ruth Sheiman, a woman thirty-eight years old, was a passenger on the front seat of an automobile owned by the defendant corporation and operated by her husband, the named defendant, along the Merritt Parkway in Greenwich on the night of August 1, 1952. Although it was raining, the car was being driven at sixty miles an hour when it skidded, went out of control and struck the fence beside the highway. Mrs. Sheiman was thrown from the car. All the evidence in the case concerning damages has been appended to the defendants' brief.

The court, in its memorandum of decision on the motion to set aside the verdict, made an accurate and complete summary of the injuries sustained by Mrs. Sheiman. It is unnecessary for the purpose of this opinion to catalogue them again in full. Her head, body and limbs were extensively and painfully injured, her head the most seriously. She sustained blows which lacerated her scalp so that it required suturing, blackened an eye, injured her jaw, loosened her front teeth, and produced symptoms of a fractured skull although a fracture could not be confirmed by x-ray. The concussion to her brain caused severe headaches, insomnia, ringing in her right ear with some loss of hearing, and dizziness, which two months later was sufficiently severe to cause her to fall on the street and injure her leg. She was nervous and irritable. She was hospitalized from August 1 to August 6. Three physicians at-

tended her: one, while she was in the hospital; another, an orthopedist, saw her twice; a third, a neurologist and psychiatrist, treated her on August 25 and 28 and on October 10, 14 and 20. On October 20 she was still complaining of pain in her head and attacks of dizziness. The doctor testified: "I felt this could go on indefinitely. I have no way of knowing how long." There was no evidence of any complaints after October 20. Six months before the accident, Mrs. Sheiman's right breast had been removed in a mastectomy. She had recovered from this operation by August 1 except for some swelling in the right arm. She died on September 11, 1954, twenty-five months after the accident, from causes not related to it.

A verdict may be excessive if it includes an award for an element of damage not proven. *Adams* v. *New Haven,* 131 Conn. 552, 555, 41 A.2d 111; *Bushnell* v. *Bushnell,* 103 Conn. 583, 596, 131 A. 432. The defendants maintain that although her injuries were serious, Mrs. Sheiman had completely recovered by October 20, 1952, and that there was nothing to show disability and suffering after that date. They claim, specifically, that there was a complete lack of any "estimate of the reasonable probability of the future course" of her recovery after October 20 and that the testimony of the medical expert to the effect that her headaches and dizziness could go on indefinitely, no telling how long, furnished no criterion of the probable length of time these complaints would continue. This is a valid claim. In assessing damages in a tort action, a trier is not concerned with possibilities but with reasonable probabilities. *Boland* v. *Vanderbilt,* 140 Conn. 520, 525, 102 A.2d 362; *Richardson* v. *Pratt & Whitney Mfg. Co.,* 129 Conn. 669, 672, 20 A.2d 919. The testi-

mony concerning possible disability and suffering after October 20 was too conjectural to furnish a basis for the inclusion of this element of damage in the jury's award. The size of the verdict indicates that the jury included compensation for this element in their award. The situation warrants the ordering of a new trial nisi. *Doroszka* v. *Lavine,* 111 Conn. 575, 579, 150 A. 692; *Noxon* v. *Remington,* 78 Conn. 296, 298, 61 A. 963.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff, within two weeks from the date when the judgment of this court is rendered, shall file with the clerk of the Superior Court a remittitur of $3000 of the amount of the verdict; but if such remittitur is filed, judgment shall thereupon as to the balance of the verdict be rendered upon it.

In this opinion the other judges concurred.