ALBERT J. FERRIOLA v. STANLEY H. BURDICK, ADMINISTRATOR (ESTATE OF HERMAN F. STOLZENBERG), ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 3—decided June 30, 1959

*Charles G. Albom,* with whom were *Joseph S. Dobrowolski* and, on the brief, *Edward M. Reynolds,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, was *Clarence A. Hadden,* for the appellee (named defendant).

MURPHY, J. The named defendant obtained a verdict in a suit by the plaintiff to recover for personal injuries. The plaintiff has appealed from the judgment thereon, claiming error in rulings on evidence, in the charge as given, in the failure to charge as requested, in denying a motion to set aside the verdict, and in the finding. We shall limit our discussion to a ruling on evidence.

Such facts as are material to this limited phase of the appeal follow. On January 27, 1956, the plaintiff was a passenger in an automobile which was stopped at a traffic light when it was struck in the rear by a car operated by the defendant VanderVeer which had been propelled forward because it was struck in the rear by a car operated by the named

defendant's decedent. The court directed a verdict for VanderVeer. In argument to the jury, the named defendant, hereinafter called the defendant, conceded that his decedent's negligence caused the collision but denied that this negligence was the proximate cause of the injuries which the plaintiff claimed he sustained.

In his complaint, the plaintiff alleged that he sustained severe, painful, disabling and permanent injuries, principally to his back, as a result of the collision. On direct examination, he testified that he had previously, in 1950, sustained injuries, also to his back, in an automobile accident and that as a result he underwent an operation in 1952 to remove an intervertebral disc, a bone graft was performed and the spine was immobilized at that point. He was out of work three years, at the end of which time he had a 50 per cent disability of the back with prognosis of gradual improvement to a permanent 25 per cent disability. He worked at his former occupation until 1955, when he was laid off. Until the present accident he was a self-employed painter, doing the lifting of planks and the work on scaffolds incident to that trade. The jolt to the car he was in, while not severe, caused immediate pain at the site of his original injury. He was later hospitalized, and he claimed that he was unable to work after May, 1956, and that the 1956 collision had aggravated the condition he had as a result of the 1950 injury.

The complaint alleged an original injury rather than an aggravation of a pre-existing one. Upon cross-examination, the plaintiff admitted that he had not consulted the doctor who had treated him in 1950 and had not retained the lawyer who represented him in the lawsuit he had instituted to re-

cover for those injuries. The defendant was represented by the lawyer who was defense counsel in the earlier litigation. The plaintiff admitted that that case had been settled in November, 1953. He was then asked the amount of the settlement. He objected to the question. The trial court overruled the objection and the plaintiff excepted. He then replied that $28,000 was the amount of settlement. Thereafter, the defendant offered evidence that the disability of the plaintiff in May, 1953, amounted to 40 per cent and that on that date he required subsequent surgical treatment. The defendant's evidence also showed that the plaintiff's disability in October, 1957, was no greater than it had been in May, 1953. The defendant claimed that the 1956 collision had not caused any significant change in the condition which followed the 1950 accident.

The trial court was in error in admitting evidence of the amount of the settlement of the first case over the plaintiff's objection. The file in that case had been admitted in evidence to show the claims made by the plaintiff therein. The question as to the amount of the settlement was admitted to test the credibility of the plaintiff. As he had already testified that the case had been settled, it is impossible to see how the amount of the settlement bore upon his credibility. The purpose of cross-examination is to ascertain the truth, and it provides a means for discrediting the testimony of a witness. *Hirsch* v. *Vegiard,* 137 Conn. 302, 304, 77 A.2d 85. The question was completely irrelevant. The objection should have been sustained.

There is error only as to the judgment in favor of the named defendant, the judgment as to him only is set aside, and a new trial is ordered as to him.

In this opinion the other judges concurred.