DOROTHY DESMARAIS *v.* ANDREW A. PINTO ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 14, 1959—decided January 8, 1960

*Henry J. Goldberg,* with whom were *Harry Cooper* and, on the brief, *Jacob Schwolsky,* for the appellant (plaintiff).

*William P. Aspell,* with whom was *George Muir,* for the appellees (defendants).

SHEA, J. The plaintiff brought this action to recover damages for personal injuries alleged to have been sustained in an automobile collision caused by the negligence of the defendants. The defendants admitted liability, and the case was tried on the

issue of damages. The jury returned a verdict of $1000, and the plaintiff appealed from the denial of her motion to set aside the verdict as inadequate.

The appeal was taken from the denial of the motion to set aside the verdict rather than from the judgment. It is, therefore, defective in form, but since the defendants did not, within ten days after the appeal was filed, make a motion to dismiss it, they have waived the defect. *Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 283, 150 A.2d 200.

On April 26, 1955, the plaintiff was injured when the car she was operating was struck in the rear by a truck. She complained of pain in her neck and back. The pain in her neck subsided after treatment, but she claimed permanent injuries to her lower back. Hospital and medical expenses to the time of trial amounted to $936.69, most of which were due to the care and treatment of her back. In the opinion of one of her doctors, she may have to undergo surgical procedure if the difficulty with her back becomes intolerable. The cost of such an operation would amount to about $1500. The nature and the extent of the plaintiff's injuries were sharply contested.

Our primary concern in reviewing the action of the trial court on a motion to set aside a verdict is to determine whether the court abused its discretion. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 575, 102 A.2d 345. Litigants have a constitutional right to have issues of fact determined by the jury. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. We cannot retry the case. *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913. The assessment of damages for the injuries suffered

by the plaintiff was peculiarly a matter for the jury, and we should not disturb the ruling of the trial court unless the verdict was manifestly inadequate. *Meyer* v. *Basta,* 102 Conn. 144, 147, 128 A. 32. The jury had a right to accept part of the testimony and to disregard the remainder. *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358. We decide only whether, on the evidence presented, the jury could fairly reach the conclusion they did. *Giambarto-lomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760.

The jury could reasonably find that the plaintiff sustained a minor injury to her neck, that she recovered from that injury before the end of 1955, and that the difficulty, if any, in her lower back was due to a pre-existing condition and not to the accident. The first evidence of muscle spasm in the area she complained of was observed about a year after the collision, and while the plaintiff told her doctors that she had had no previous trouble or pain in this region, her own orthopedist testified that an anomaly in her spine had existed for several years before the accident. The jury were not bound by the opinion of the expert witnesses and could reject their opinion regardless of whether they believed or disbelieved the subordinate facts upon which the opinion was based. *Van Detti* v. *Parsons Bros., Inc.,* supra, 286. It may be of no little significance that the plaintiff, as the operator of the motor vehicle, failed to file a report with the motor vehicle department until a year after the collision, although she was aware of the requirement that such a report should be filed promptly if personal injuries were sustained in the accident. The plaintiff's testimony raised doubt as to her veracity. The jury may have concluded that her evidence concerning the help

rendered by her sister was untrue and that she exaggerated her injuries. See *Hirsch* v. *Vegiard,* 137 Conn. 302, 304, 77 A.2d 85.

Under all the circumstances, the jury would be justified in excluding from their consideration any claim of injury to the plaintiff's back. The jury may have decided that the plaintiff failed to sustain the burden of proving that the condition of which she complained was caused by the accident of April 26, 1955. From such a conclusion it would naturally follow that no allowance in damages could be made for the expenses incurred in the care and treatment of her back. It was within the province of the jury to accept or reject any or all of the evidence concerning the plaintiff's injuries. *Martino* v. *Palladino,* 143 Conn. 547, 549, 123 A.2d 872.

When the decision of the trial court concurs with that of the jury, the verdict should not be disturbed unless its manifest injustice is so plain as to justify the belief that the jury were influenced by ignorance, prejudice, corruption or partiality. *Lopez* v. *Price,* 145 Conn. 560, 564, 145 A.2d 127. Since the jury could reasonably reach the conclusion they did, the verdict must stand. *Feir* v. *Hartford,* 141 Conn. 459, 463, 106 A.2d 723.

There is no error.

In this opinion the other judges concurred.