WALTER LUPAK *v.* GEORGE KARALEKAS

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued May 3—decided June 14, 1960

*Samuel Engelman,* for the appellant (defendant).

*Louis M. Altman,* for the appellee (plaintiff).

KING, J. The plaintiff was seated in his car, awaiting a change in the traffic light, when the car was struck in the rear by one operated by the defendant. While the defendant filed what amounted to a general denial and a special defense alleging contributory negligence, he later orally admitted liability. The trial therefore was limited to a hear-

ing in damages. The jury returned a verdict of $30,000. The defendant appealed from the judgment, the sole assignment of error being the denial of his motion to set aside the verdict on the ground that it was excessive.

The considerations involved in an appeal such as this, and the governing rules, have been frequently stated. Of the recent cases, *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596, and *Pischitto* v. *Waldron,* 147 Conn. 171, 175, 158 A.2d 168, may be mentioned. It would have been helpful if the court had written a memorandum of decision explaining its refusal to set aside the verdict, as was done, for instance, in *Putney* v. *Lehigh Truck Equipment Corporation,* 145 Conn. 731, 732, 141 A.2d 482, and *Pischitto* v. *Waldron,* supra, 174. Even without such a memorandum, however, the court's denial of the motion is entitled to considerable weight. Although we have not the reassurance which a carefully prepared memorandum would have furnished, we should assume that the court properly performed its function in passing upon the motion.

The defendant admits in its brief that the jury might have found special damages of close to $3000; the plaintiff claimed that they were slightly over $3200. Either figure leaves about $27,000 for general damages. The following claims of the defendant may merit discussion.

The jury were entitled to believe the medical testimony most favorable to the plaintiff. It was that of Dr. Louis Berg. The defendant attempts to have this court determine, as a medical proposition, that the testimony of Dr. Berg was incredible because he stated that the plaintiff suffered a postconcussion syndrome when the plaintiff himself had given no history of his head having struck anything. There

was testimony by Dr. Berg that a concussion could have resulted from a contrecoup, caused by having the head snapped back and forth by the force of the impact. Owing to the interruption of the defendant's witness, Dr. Edwin H. Mulford, by the plaintiff's attorney and by the court in the course of cross-examination, it is not entirely clear that Dr. Mulford agreed that a concussion by contrecoup was possible. We know of no rule of law, however, nor have we been referred to any, that medical testimony concerning a plaintiff must be disregarded by this court as incredible unless he is able to obtain substantiation for it from one or more of the defendant's medical witnesses. See *Pischitto* v. *Waldron,* supra, 177; *Triano* v. *United States Rubber Co.,* 144 Conn. 393, 397, 132 A.2d 570.

⋅ According to Dr. Berg's testimony, the plaintiff, about 30 years of age, with a claimed actuarial expectancy of about 35 years, had a 25 per cent permanent disability, including residuals of head trauma with a postconcussion syndrome, residuals of a laminectomy which was required as a result of a ruptured intervertebral disc, and a traumatic neurosis. There was an electroencephalogram, as well as a hospital record showing a herniated intervertebral disc. If anything, there was more objective evidence in support of the diagnosis of injuries than in *Putney* v. *Lehigh Truck Equipment Corporation,* supra, although, as pointed out in that case, an injury is not as matter of law required to be excluded as an element of damages merely because it is not clinically or objectively demonstrable.

There was a considerable delay in the manifestation of the full adverse effects of the injuries, and that delay in turn contributed to delay in their final diagnosis. While this circumstance might have led

the jury to discredit testimony concerning the extent of the injuries and their causal connection with the collision, the verdict makes it clear that the plaintiff was able to sustain his burden of proof and that the jury accepted the medical testimony favorable to him.

The allowance of damages here was apparently liberal, even in the light of the long expectancy of a man of thirty. There is nothing, however, to indicate that anything occurred to inflame the jury against the defendant, that the verdict was the result of passion, prejudice or bias against him, or that it was the result of any misapprehension on the part of the jury of the applicable law. The court was not in error in refusing to set aside the verdict. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352; *Schlag* v. *Paffney,* 103 Conn. 683, 685, 131 A. 420; *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 A. 1057.

There is no error.

In this opinion the other judges concurred.