RICHARD HOOK *v.* HARRY DUBUQUE, SR., ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued October 6—decided October 28, 1965

*Gerald P. Dwyer,* with whom, on the brief, were *Martin E. Gormley* and *Kevin T. Gormley,* for the appellants (defendants).

*Joseph M. Delaney,* with whom, on the brief, was *Charles G. Albom,* for the appellee (plaintiff).

ALCORN, J.  The plaintiff brought this action to recover damages for injuries sustained when the station wagon which he was driving was struck in the rear by the named defendant's automobile, veered off the road about 180 feet into a field, struck a rock and overturned.  The vehicle came to rest on its roof with its wheels in the air and with the plaintiff lying on his back on the ceiling of the car after having been tossed around the interior.  The case was tried to a jury on the issue of damages only, and the defendants offered no evidence.  The jury returned a verdict for the plaintiff to recover $7500.  The defendants moved to set aside the verdict on the ground that it was excessive.  The trial court denied the motion without memorandum, and the defendants have appealed from the judgment rendered on the verdict, assigning error in the denial of the motion.

We examine the evidence printed in the appendices to the briefs to determine whether the court abused its discretion in denying the motion.  *Vogel v. Sylvester,* 148 Conn. 666, 668, 174 A.2d 122.  The

considerations basic to this determination are established beyond the necessity of repetition. See *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Sheiman* v. *Sheiman,* 143 Conn. 222, 223, 121 A.2d 285.

It is apparent that the jury were confronted mainly with the problem of determining the amount which the plaintiff was entitled to recover for two years of severe and recurrent headache pain. The medical evidence included no prognosis for the future, and the amount of the verdict does not compel an assumption that the jury based their decision on the prolongation of the headaches beyond the date of the trial, as was the case in *Sheiman* v. *Sheiman,* supra, 226. The medical expenses were minimal, and it was clear that the plaintiff had minimized rather than exaggerated the damages by continuing to work without interruption in spite of recurrent severe physical discomfort. The jury had competent medical evidence that, in addition to muscle strain and neck soreness which cleared up in a short time, the headaches were causally connected to the accident. While the evidence concerning the frequency, intensity and duration of the headaches from the date of the accident to the time of the trial was necessarily subjective, the jury were the judge of the plaintiff's credibility. The verdict indicates that they believed his testimony, and the indicated absence of any effort to exaggerate the extent of his injuries justified that belief. The question then is merely whether the amount assessed as damages for the pain and discomfort which the plaintiff has described "falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury

were influenced by partiality, prejudice, mistake or corruption." *McKirdy* v. *Cascio,* 142 Conn. 80, 86, 111 A.2d 555. Although the verdict is liberal, we cannot say that it fails to meet that test.

There is no error.

In this opinion the other judges concurred.