LOUISE CAPPELLA *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 3, 1966—decided January 17, 1967

*Howard F. Zoarski,* for the appellant (defendant Margaret Conte).

*John H. Peck,* with whom, on the brief, was *Anthony J. LaSala,* for the appellee (plaintiff).

HOUSE, J.   In this case, the plaintiff claimed damages for injuries which she sustained when an automobile in which she was a passenger collided with a train at a crossing in New Haven.  Both the operator of the automobile and the railroad were made defendants.  Upon a trial to a jury, a verdict for $9000 was returned for the plaintiff against the operator of the automobile, Mrs. Margaret Conte, but the jury found the issues in favor of the defendant railroad.  Mrs. Conte, hereinafter referred to as the defendant, has taken this appeal.  No question is raised on the issue of liability, but three assignments of error relative to the issue of damages are pursued.  These involve the court's charge to the jury on damages, a ruling admitting a hospital bill in evidence, and the claim that the court erred in failing to set aside the verdict as excessive. The latter ruling is tested by the evidence contained in the appendices to the briefs; *Hook* v. *Dubuque,* 153 Conn. 113, 114, 214 A.2d 376; while the charge and the ruling on evidence are tested by the claims of proof in the finding.  *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744.

The allegations of damage specified in the complaint are notable for their brevity.  The injuries, claimed to be "extensive and painful," are limited to the assertion in a paragraph of the complaint

that "[h]er head was badly lacerated and bruised and her face was scarred, and said scars are disfiguring in nature, and as a proximate result thereof the plaintiff sustained embarrassment and humiliation and has suffered and will continue to suffer from painful headaches." The next paragraph alleges that the plaintiff "expended sums of money for medical care and attention, hospitalization, etc.," and this paragraph is followed by a claim for loss of wages as a result of the plaintiff's inability, owing to the accident, to resume her employment.

The defendant assigned as error the failure of the court to find that it had charged the jury in the following language: "You are to compensate her for her injuries, and pain and suffering, any impairment of her faculties, any effect on her normal activities, mental and physical." She also assigned as error the failure of the court to find that she took an exception on the ground that interference with the plaintiff's normal activities was not alleged in the complaint. Such a finding was expressly requested in the defendant's draft finding as provided by Practice Book § 614 and suggested Form No. 603. The appendix to the defendant's brief properly contains the portion of the charge questioned and the exception with appropriate reference to the pages of the transcript. The court did not make the requested finding although it did include in its finding two other portions of the charge concerning damages for injuries.

The unusual circumstance of a claim that the court failed to include in its finding that it had charged as a party asserts it in fact did charge has prompted us to consult the transcript as permitted by Practice Book § 721. It discloses that, as the finding states, the court did tell the jury: "You

are bound by the claims made in the pleadings as to the injuries and you must disregard any suffering which has come to her from any other incident if you find such exist." This sentence was next followed in the charge by the very sentence which the court failed to find, despite the defendant's request. Obviously, the assignment of error is well taken, and the finding must be corrected to include the fact that the court did give the claimed charge on disability and that the defendant excepted on the ground that this element of damage was not alleged in the complaint.

Despite this correction, however, we find no merit in the defendant's claim that the court erred in giving this portion of its charge. Sparse as were the allegations of damage, they were sufficient to alert the defendant that the plaintiff claimed extensive and painful injuries from which she suffered and would continue to suffer painful headaches, that she was hospitalized and that for some time she was unable to resume her employment. In view of these allegations and the facts stated in the finding as to the extent of the injuries and their effect on the plaintiff's normal activities and employment, as well as the court's repeated cautions that the jury could allow the plaintiff damages only as they were justified by the pleadings and proof, the charge cannot be construed as an instruction permitting recovery for an element of damage not alleged and proved. Despite the defendant's assertions to the contrary, nowhere in the charge did the court make any reference to any allowance for any future pain or suffering or any permanent disability. Nor did the defendant's exception to the charge make any claim that it did. In *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818,

we recently had occasion again to summarize the tests which must be applied to determine the adequacy and accuracy of a jury charge. Applying them to the court's instructions in this case, we find that "[r]ead in its entirety, the charge was accurate in law, adapted to the issues and sufficient as a guide to the jury in reaching a correct verdict." Id., 426.

When the plaintiff was testifying, her counsel offered a hospital bill as an exhibit. The plaintiff was unable to identify it as a bill rendered to her, but the court nevertheless admitted it into evidence, although the only foundation for its admittance was the fact that it was a hospital bill addressed to the plaintiff and was for services rendered during the same dates which the hospital record indicated the plaintiff was hospitalized. The procedure did not comply with the already liberal rule permitted by such cases as *Carangelo* v. *Nutmeg Farm, Inc.*, 115 Conn. 457, 462, 162 A. 4, and the ruling was clearly erroneous. The error, however, was rendered harmless by the subsequent testimony of the plaintiff and her son, admitted without objection, that the plaintiff's son did pay the hospital bill for her.

The remaining assignment of error is the defendant's claim that the trial court erred in refusing to set aside the verdict for $9000 as excessive. "The trial court filed no memorandum of decision explaining its denial of the motion, thus leaving this court without any information as to the underlying reasons." *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.*, 153 Conn. 19, 21, 213 A.2d 449. We have repeatedly indicated that "[w]hile a memorandum of decision is not legally required on the denial of a motion to set aside a verdict, but only on the granting of it (Practice Book [1951] § 163 [now

Practice Book, 1963, § 256]), it is sound practice, where, as in this case, the motion is not frivolous, to set forth in a memorandum the basic reasons why the motion is denied." *Lancaster* v. *Bank of New York,* 147 Conn. 566, 573, 164 A.2d 392; *Lupak* v. *Karalekas,* 147 Conn. 432, 433, 162 A.2d 180; *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 663, 154 A.2d 517 (dissenting opinion).

The evidence printed in the appendices to the briefs discloses that the plaintiff, aged sixty-four, sustained a brain concussion, lacerations of the face with extensive scarring, fractures of the nasal bones requiring painful surgery, that she still complained of headaches two years after the accident, that she was unable to get about as formerly, and that she lost over four months from work. Her lost wages were approximately $1150, medical bills were $337.50 and the hospital bill was $340.40. The verdict, although liberal, is not "so manifestly unjust as to compel a conclusion of partiality, prejudice or mistake on the part of the jury." *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 68, 221 A.2d 263. Testing the verdict by all the considerations basic to such a determination, we conclude that the trial court did not abuse its discretion in denying the motion. *Hook* v. *Dubuque,* 153 Conn. 113, 114, 214 A.2d 376; *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Sheiman* v. *Sheiman,* 143 Conn. 222, 223, 121 A.2d 285.

There is no error.

In this opinion the other judges concurred.