Edward A. Kricker *v.* Taylor Brothers, Inc., et al.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 8-656-3670

Argued November 28, 1966—decided February 3, 1967

*James J. Carroll,* of New Haven, for the appellants (defendants).

*George L. Eastman,* of New Haven, for the appellee (plaintiff).

KOSICKI, J. The plaintiff brought suit against three defendants for damages arising out of a motor vehicle collision which resulted in personal injuries to the plaintiff and damage to his automobile. The jury brought in a verdict against all defendants, and they have appealed from a denial of their motion to set aside the verdict, assigning error in the denial of their claim that the damages awarded were excessive and in that the verdict was not supported by the evidence.

The jury could reasonably have found the following facts: On December 24, 1964, the defendant Albert E. Jackson, operating a tractor trailer owned by the defendant Taylor Brothers, Inc., experienced trouble with the engine and, as a result, the vehicle was brought to a halt at exit 59 on the Connecticut Turnpike. The tractor, being the front half of the tractor trailer, weighed about 10,000 pounds. Reflectors were placed behind the trailer. Another tractor was brought to the scene approximately an hour later. The original tractor was pulled ahead approximately fifteen feet and the other tractor was substituted for it. The reflectors were picked up by the defendant Jackson, placed in the new tractor and taken with him. Thus, no reflectors or flares were left on the highway as regards the broken-down tractor. At approximately 6 p.m. the weather was good and it was dark. The left-hand rear dual wheels of the disabled tractor projected over the white line of the ramp approximately two feet. The plaintiff slowed down in preparation to getting off the turnpike at exit 59 and noticed that the tractor was just ahead, around the turn. He swerved to avoid it but was unable to do so and struck the left rear wheels of the tractor. The plaintiff's car turned over completely as a result of the severe impact, righted itself again on its wheels and came to rest at a right angle to the tractor. As a result

of the collision the plaintiff suffered a bruised shoulder, knee and chest, and contusions of the knee. He was stiff and bruised for some four weeks afterwards, and the symptoms did not leave him completely until some six weeks after the occurrence. He received medical attention once from Dr. Fink. His car was a total loss.

The plaintiff pleaded both common-law and statutory negligence as the proximate cause of the collision and consequent injuries. The statutory negligence alleged consisted of violations of §§ 14-95 and 14-251 of the General Statutes. The pertinent provisions of these sections are quoted in the footnote.[1]

---

[1] "Sec. 14-95. EMERGENCY LIGHTING EQUIPMENT. (a) There shall be carried on . . . each commercial motor vehicle with a manufacturer's rated capacity in excess of two thousand pounds and each combination of tractor and trailer, when it is operated on any highway outside the limits of a city during the period from one-half hour after sunset to one-half hour before sunrise, flares, flaring candles, torches or lanterns or other devices for emergency lighting, which devices shall be ready for immediate use. The operator of any such motor vehicle shall cause such emergency equipment to be kept lighted, in such manner as to be visible for at least two hundred feet in front and in the rear of such motor vehicle, during any period between one-half hour after sunset and one-half hour before sunrise when such motor vehicle has become stalled or is in condition that it cannot be operated on the highway. . . ."

"Sec. 14-251. PARKING VEHICLES. No vehicle shall be permitted to remain stationary . . . upon the traveled portion of any highway except upon the right-hand side of such highway in the direction in which such vehicle is headed; and, if such highway is curbed, such vehicle shall be so placed that its right-hand wheels, when stationary, shall, when safety will permit, be within a distance of twelve inches from the curb. . . . No vehicle shall be permitted to remain stationary upon the traveled portion of any highway at any curve or turn or at the top of any grade where a clear view of such vehicle may not be had from a distance of at least one hundred and fifty feet in either direction. . . . No vehicle shall be permitted to remain stationary within the limits of a public highway in such a manner as to constitute a traffic hazard or obstruct the free movement of traffic thereon, provided a vehicle which has become disabled to such an extent that it is impossible or impracticable to remove it may be permitted to so remain for a reasonable time for the purpose of making repairs thereto or of obtaining sufficient assistance to remove it. . . ."

The narrative of the facts supports a verdict for the plaintiff as to the liability of all three defendants. They had pleaded as a special defense that the plaintiff was contributorily negligent and carried the burden of proof on that issue. § 52-114. No exception has been taken to the court's charge, and we assume that it was correct. The jury, by their verdict, necessarily must have found that the plaintiff was not guilty of contributory negligence which was a proximate cause of his injuries. The action of the presiding judge, who heard the evidence, is entitled to great weight. Under the circumstances, we cannot say that the jury were not justified in finding that the defendants had not proved the contributory negligence of the plaintiff by a fair preponderance of the evidence. *Yasevac* v. *New Haven & S.L. Ry. Co.*, 126 Conn. 27, 29.

The defendants also contend that the damages awarded by the jury were excessive and that on this assignment the court erred in denying their motion to set aside the verdict. The verdict was a general one in the amount of $2200. Included in the amount of property damages was the loss of the plaintiff's automobile, valued at approximately $650, and the loss of use of a car for a period of one month, represented by his out-of-pocket expenses of about $25 for conveyance. As to his personal injuries, the plaintiff had expended $10 for one visit to, and treatment by, a physician. He continued to work and claimed no loss of earnings.

The jurors, in assessing damages for personal injuries, could well have considered the circumstances following the collision, in which the plaintiff's car was completely overturned and demolished, except for some slight salvage value; the resulting shock and trauma to the plaintiff and the actual physical pain and suffering endured by him over a

period of several weeks. For us to determine that the verdict, under the circumstances, was excessive, we would have to decide whether the amount of the award so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice or mistake. If the award of approximately $1500 for personal injuries, including pain and suffering, does not shock the sense of justice, it is not excessive. "The test is whether the amount of . . . [the] award complained of falls somewhere within the necessarily uncertain limits of just damages or whether the size of the award so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. The refusal of the trial court to disturb a verdict is strong support for its propriety. *Sheiman* v. *Sheiman,* 143 Conn. 222, 224 . . . . The question is one peculiarly within the province of the jury. Juries may differ widely in the conclusions which they reach in apparently similar cases, and, in fact, in any given case one jury might arrive at a result substantially different from that of another jury. This flexibility, though it may lead to uncertainty, is a necessary concomitant of the jury system as it operates. *Fairbanks* v. *State,* 143 Conn. 653, 661 . . . ." *Lopez* v. *Price,* 145 Conn. 560, 566; see *Cappella* v. *New York, N.H. & H.R. Co.,* 154 Conn. 410, 415. The damages awarded to the plaintiff were clearly not excessive in view of the evidence offered.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.