Jules H. Tucker v. Pauline Z. Halay et al.

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued May 9—decided May 21, 1968

*Edward S. Ludorf,* for the appellants (defendants).

*Herbert A. Lane,* with whom, on the brief, was *Jerome A. Rosen,* for the appellee (plaintiff).

Per Curiam. The defendants have appealed from a judgment rendered for the plaintiff following a verdict in his favor and a denial of their motion to set the verdict aside. The sole issue is whether there was both sufficient evidence of negligence on the part of Pauline Z. Halay, hereinafter referred to as the defendant, and a lack of evidence compelling a finding of contributory negligence on the part of the plaintiff to sustain a plaintiff's verdict.

The verdict of the jury must stand if they could reasonably have reached their conclusion, and we test the ruling of the trial court in refusing to set aside the verdict on the basis of the evidence printed in the appendices to the briefs. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 427, 216 A.2d 818. The concurrence of the judgments of the judge and the jury, who saw the

witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court. *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141. The evidence must be given the most favorable construction to which it is reasonably entitled in support of the verdict. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748.

The plaintiff sustained serious injuries when his motorcycle collided with the rear of the defendant's automobile. Although there was a conflict in the testimony, that of two eyewitnesses fully supported the plaintiff's allegation that the collision was caused by the negligence of the defendant in suddenly stopping her car on the highway without giving an adequate or timely signal and when no emergency confronted her. The evidence did not compel a finding of any contributory negligence on the part of the plaintiff.

There is no need to discuss the evidence in detail. When there is evidence to support the finding of a jury, it is futile to appeal on the basis of a claim that the jury would have reached a contrary result if they had credited the testimony of one witness as against that of another. "Litigants have a constitutional right to have issues of fact determined by the jury. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. We cannot retry the case." *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596.

There is no error.