PAULA STASNY ET AL. *v.* RUSSELL K. SCHORK, JR.

Argued May 7—decided May 28, 1968

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

*John J. Hunt,* for the appellant (named plaintiff).

*Ronald D. Williams,* with whom was *Robert J. Cooney,* for the appellee (defendant).

PER CURIAM. The named plaintiff, a four-year-old minor, was struck and injured by a riding-type, rotary, power lawnmower, which was being operated by the defendant's seven-year-old son. The plaintiffs instituted the present action, alleging that the defendant was negligent in allowing his son to operate the machine. The case was tried to a jury, which awarded $6000 in damages to the named plaintiff and $4000 in special damages to her father, the other plaintiff. Both of the plaintiffs moved the trial court to set aside the verdict as inadequate. The motion was denied, and judgment was rendered on the verdict. Only the named plaintiff, hereinafter referred to as the plaintiff, has appealed from the judgment. The sole issue is whether the trial court erred in refusing to set aside the verdict as inadequate as to her.

The record reveals that the plaintiff was the victim of a particularly ugly accident. Both of her legs were fractured, and she received several severe lacerations. She was hospitalized a total of forty days. Her recovery, however, was satisfactory although at the time of the trial she still suffered from some relative weakness of the right knee. The lacerations which she had sustained resulted in scars on her right thigh, right elbow and left foot. There has also been a slight diminution in the circumference of her right thigh. With the exception of the scars, there was no evidence that any of the plaintiff's injuries are permanent. She is able to play normally with other children. The scars and the condition of the right thigh were exhibited to the jury. The jury had only to evaluate the plaintiffs' evidence, the defendant having rested his case without introducing any evidence.

The primary function of this court in reviewing the refusal of the trial court to set aside the verdict is to determine whether the court abused its discretion. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596. "The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. *Hook* v. *Dubuque,* . . . [153 Conn. 113, 115, 214 A.2d 376]; *Sheiman* v. *Sheiman,* 143 Conn. 222, 223, 121 A.2d 285." *Marin* v. *Silva,* 156 Conn. 321, 323, 240 A.2d 909. The fact that both the court and the jury concurred in their determinations is a persuasive argument for sustaining the action of the court on the motion. *Tucker* v. *Halay,* 156 Conn. 633, 242 A.2d 730.

The trial court, by reason of its vantage point, had an opportunity superior to ours to evaluate the evidence and to sense the tenor of the trial. *Butler v. Steck,* 146 Conn. 114, 119, 148 A.2d 246. There is nothing in the record before us which indicates the court abused its liberal discretion in refusing to set aside the verdict as inadequate.

There is no error.