LUCY A. DOUGLASS ET AL. v. THE 95 PEARL STREET CORPORATION

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 7—decided July 23, 1968

*Edward Seltzer,* for the appellant (defendant).

*Thomas J. Hagarty,* with whom was *Joseph T. Sweeney,* for the appellees (plaintiffs).

RYAN, J. This is a negligence action wherein Lucy A. Douglass, hereinafter referred to as the plaintiff, seeks to recover damages for injuries sustained as the result of a fall down a staircase in a building owned by the defendant and leased to the United States of America for occupancy by the Veterans Administration, the plaintiff's employer. In a second count, the plaintiff's husband seeks recovery for medical expenses which he was obliged to pay as a result of the plaintiff's injuries. The defendant filed a special defense alleging contributory negligence on the part of the plaintiff.

At the close of the evidence, the defendant's motion for a directed verdict was denied by the trial court. The jury returned a verdict for the plaintiff on the first count and for her husband on the second count. The defendant moved to set aside the verdicts and for judgment notwithstanding the verdicts pursuant to Practice Book § 255. The defendant has appealed to this court and assigns error in the denial of its motions to set aside the verdicts and for judgment notwithstanding the verdicts. Error is also assigned in certain portions of the charge. Although the defendant claims that certain changes should be made in the finding, there is no basis for any correction.

The plaintiff alleged in her complaint that the defendant owned, maintained and controlled a building at 95 Pearl Street in Hartford which it leased to the United States of America for occupancy by the Veterans Administration and its employees;

that the opening and closing of the building and the maintenance and repair thereof were within the control of the defendant; and that the plaintiff was an employee of the Veterans Administration and worked in the building. These allegations were admitted by the defendant in its answer. The complaint alleged further that, on entering the building on July 11, 1962, the plaintiff found the area where her desk was located in darkness and that, when she walked to the rear of the first floor for the purpose of turning on the light switch, she fell down a stairway located almost directly below the switch and was injured owing to the negligence of the defendant, its agents, servants and employees, in that they failed to turn on the lights so that the building would be reasonably safe for use by employees, in that they failed to provide a night light so the stairway could be seen when the regular lights were off; in that they maintained the switches controlling the lights in a dark area immediately over the top edge of an open and unprotected stairway and thus created an imminently dangerous condition so that any person seeking to turn on the lights was in danger of falling down the dark stairway, and in that they failed to hire and employ maintenance personnel sufficient in numbers and training to handle the operation of the building so that it would be safe for the people to work there. The defendant, in its answer, denied these specifications of negligence and pleaded, by way of a special defense, that the plaintiff was contributorily negligent because of her failure to watch where she was going, to make reasonable and proper use of her senses and to keep a proper lookout. In her reply, the plaintiff denied the allegations of the special defense.

The defendant urges that the plaintiff was charge-

able with contributory negligence as a matter of law and assigns error in the denial of its motions to set aside the verdicts and for judgment notwithstanding the verdicts. We test the court's action in these respects by the evidence printed in the appendices to the briefs. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 498, 208 A.2d 748. If the court correctly refused to set aside the verdicts, it necessarily follows that it properly denied the motions for judgment notwithstanding the verdicts. *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141; *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 662, 154 A.2d 517. In determining this issue, the evidence must be given the most favorable construction to which it is reasonably entitled in support of the verdicts. *Petrizzo* v. *Commercial Contractors Corporation,* supra, 499; *Petrillo* v. *Bess,* 149 Conn. 166, 167, 179 A.2d 600.

From the evidence, the jury could reasonably have found the following facts: The plaintiff, who was then sixty-four years of age, was employed by the Veterans Administration and worked on the first floor of the building at 95 Pearl Street. She had worked for the Veterans Administration for about twelve years, but for eleven of those years she had worked on another floor of the building. She was employed as a typist in the stenographic pool section on the first floor. The first floor of the building contained a large room occupied by the adjudication division. In the southwest corner of the room, there was an alcove containing the stenographic pool.

On the morning of July 11, 1962, the plaintiff arrived at work approximately fifteen to twenty minutes before 8 a.m. Her working hours were from 8 a.m. to 4:30 p.m. She entered the first floor of the building by way of a side entrance, which

brought her to the rear portion of the room housing the adjudication division. She walked about twenty-five to thirty steps across the floor area in the direction of the alcove where her desk was located, and from this point she could see that the lights were not on in her work area. Although it was a clear, bright day, she was then standing in an area of semidarkness. She then looked at the wall nearest the alcove for light switches. She had never looked for these switches before because she had never had occasion to turn on the lights anywhere in the building, or to turn them off. It was necessary for her to walk around a desk to reach these light switches, and she was then able to see them. She was aware that there was a railing and a stairway nearby. These stairs were not in regular use but were used only as a fire or emergency exit. She did not look at the floor but looked straight at the switches, wondering which one she should turn on. When she came to a stop and stood facing the switches, she saw four of them and decided to turn on the switch nearest to the alcove. This switch was also the one closest to the stairway. When she turned on the switch, she did not observe any lights go on. She had to look around the corner of the wall to determine if the light had gone on over her desk. To do this, she had to step back or to the right, and, as she did so, she fell down the stairway. There was no railing at the opening of the stairway although it had a railing on two sides. The plaintiff knew there was a stairway in this area, and, if she had looked down, she could have seen it. She did not realize the stairway was so close because she had never before set foot in this area. There was a desk there so that the stairway was not obvious to her. She had to go around the desk and did not look down to see how close the stairway opening was to the

wall. She never gave the stairs a thought and did not realize they were so close.

Light meter readings taken by an expert indicated that the area at the top of the staircase was dark at the time of the plaintiff's fall. There was expert opinion that the area at the head of the staircase was hazardous and not reasonably safe for persons walking there, particularly when the lights were out, and that the location could have been made reasonably safe by painting a light-colored strip across the top edge of the stairway, by installing a light directly over the head of the stairs to be kept on at all times, and, since the stairway was infrequently used, by the installation of a gate at the head of the stairway.

The defendant's employees opened the building at 7 o'clock each morning, turned on the lights in lobbies and hallways of the building when they came to work, and began operating the elevators at 7:45 a.m. The defendant did not turn on the lights in the individual offices. The building was leased by the defendant as an operating unit complete with janitorial services, which included cleaning, replacing light bulbs, and providing such things as soap and hand towels. The defendant's employees turned off the lights each evening in the room where the plaintiff fell. The defendant's building superintendent had on many occasions turned on the lights, using the switches at which the plaintiff was standing when she fell.

From this evidence, it was the function of the jury to determine whether the plaintiff failed to exercise the care of a reasonably prudent person. Contributory negligence is a question of fact to be determined by the trier from all the circumstances. The burden of proof is on the defendant. "Where

the trier concludes that one is free from contributory negligence, that conclusion must stand unless the conduct involved is manifestly contrary to that of the reasonably prudent . . . [person]." *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 155 Conn. 24, 36, 229 A.2d 346; *Cappiello* v. *Haselman,* 154 Conn. 490, 497, 227 A.2d 79. The question here is whether the plaintiff's failure to be aware of the proximity of the stairway under the circumstances so clearly departed from the standard required of a reasonably prudent person that the function of the jury should have been taken from them by the court. *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 454, 172 A.2d 192. The fact that the plaintiff had passed by the stairway each day would not, in itself, make her chargeable with contributory negligence as a matter of law. *Pluhowsky* v. *New Haven,* 151 Conn. 337, 344, 197 A.2d 645; *Deacy* v. *McDonnell,* 131 Conn. 101, 105, 38 A.2d 181; *Rescigno* v. *Rosner,* 124 Conn. 253, 255, 198 A. 751. A verdict should be directed only when, on the evidence, the jury could not reasonably and legally reach any other conclusion. *Bader* v. *United Orthodox Synagogue,* supra, 455. The trial court did not err in denying the defendant's motions on this ground.

The defendant urges in its brief that the trial court erred in refusing to direct a verdict for it on the ground that there was a lack of credible evidence of any negligence on the part of the defendant. This claim does not merit discussion in detail. Where there is evidence to support the finding of a jury, it is futile to appeal on the basis that the jury would have reached a contrary result if they had credited the testimony of one witness as against that of another. Litigants have a constitutional right to

have issues of fact determined by the jury. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. " 'The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. We cannot retry the case.' *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596." *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730.

The defendant claims that the court erred in failing to charge that, where a landlord undertakes the duty of supplying electric current, he cannot be held responsible for the failure to turn on the electric lights. The claim now raised is quite different from the defendant's exception to the charge. In the trial court, the defendant's claim was that its admission of control of the opening and closing of the building did not mean that there was an admission as to the requirement of turning on the lights on the premises and "that the jury should have been told that [this] did not constitute an admission insofar as lighting or putting the lights on" was concerned. Even if the defendant's claim had been properly raised, the court did not err in refusing to charge in the manner now claimed. The defendant admitted in the pleadings that the opening and closing of the building and its maintenance and repair thereof were within its control. The claims of proof disclose that under the lease arrangement the defendant was required to furnish several daily maintenance services. The lease provided, inter alia, that the defendant was to furnish electric current for light and power between the hours of 8 a.m. and 6 p.m. on Mondays through Fridays. When the plaintiff arrived at work on the day of her injury, there were no electric lights turned on in her work area, and the approach to her area was in semidarkness. The court instructed the jury that, since the defendant had retained control

of the building, it had a duty toward persons coming into the building for purposes connected with the tenant's occupancy of the building. The court explained the nature of the defendant's duty in relation to the status of the plaintiff and her claim that the defendant failed to provide lighting in the area where she fell. The conflicting claims of the defendant were fairly discussed. The jury were instructed that the fundamental question was whether the defendant exercised reasonable care in fulfilling its duty to keep the premises reasonably safe for persons having business thereon and that, if the defendant or its employees failed to realize what a reasonably prudent person in its position should have known and failed to take reasonable steps to avoid a dangerous condition, if one existed, the defendant was negligent. The jury were not instructed that the defendant was under a duty to turn on the lights. The court told the jury that it is the duty of a landlord to use reasonable care to keep in reasonably safe condition the parts of the building over which he reserves control. *Dinnan* v. *Jozwiakowski,* 156 Conn. 432, 434, 242 A.2d 747; *Bentley* v. *Dynarski,* 150 Conn. 147, 150, 186 A.2d 791. It was left to the jury to determine whether, under all the circumstances, the defendant was negligent in failing to turn on the lights. The court's instructions were correct.

The defendant assigns error in the court's instruction that, since the plaintiff was relying wholly on the claim that she was a business visitor, the jury were not required to consider what duty may have been owed to her as a licensee. There is no merit to this claim. The court charged the jury that all of the relevant circumstances were to be weighed in deciding whether, at the time and place of her fall,

the plaintiff was a business visitor. The difference between a business visitor and a licensee was adequately explained. The jury were instructed as to the duties owed to a business visitor and were told that the plaintiff could not recover unless they found that her status at the time and place of her fall was that of a business visitor. Under these circumstances, the jury had no reason to consider the duty owed to a licensee. The defendant suffered no harm from the charge because it limited the plaintiff's recovery to proof that she was a business visitor. See *Smith* v. *New Haven,* 144 Conn. 126, 130, 127 A.2d 829. The court committed no error in this portion of the charge.

The defendant assigns error in the portion of the court's charge given in response to a question submitted by the jury. After the court had completed its original charge, including instructions on the issue of contributory negligence, to which the defendant did not except, the jury requested that the court clarify its instructions on this issue. The court repeated its previous charge on contributory negligence verbatim and also supplemented it by charging on the issue of causation as it related to the defense of contributory negligence. Again, the defendant took no exception. Thereafter, the jury returned with an additional question as to whether a reasonably prudent man could be momentarily distracted from a known danger and yet be free from contributory negligence. Since there was nothing in the evidence to indicate distraction, the court properly treated the question as one relating to momentary inadvertence or inattention and instructed the jury: "[W]here an act is instinctive or due to momentary and excusable inattention, it does not have to constitute contributory negligence. In other words,

the question is what a reasonable person in the position of the plaintiff would have done under those circumstances, and the mere fact . . . that there may have been momentary inadvertence or inattention on her part would not necessarily constitute negligence. It would depend upon the circumstances as you find them to have existed at that time." The charge as given correctly expresses our law. *Delmore* v. *Polinsky*, 132 Conn. 28, 30, 42 A.2d 349; *Deacy* v. *McDonnell*, 131 Conn. 101, 105, 38 A.2d 181; *Johnson* v. *Pulidy*, 116 Conn. 443, 447, 165 A. 355. The majority of cases from other jurisdictions have taken the same view—that whether momentary forgetfulness of a known danger constitutes contributory negligence is a question for the trier to determine in the light of the circumstances shown to have existed at the time. See note, 74 A.L.R.2d 950, 960; 38 Am. Jur., Negligence, § 187 and 1968 Cum. Sup. The court's charge on contributory negligence, including its supplemental instructions in response to questions submitted by the jury, was accurate in law, adapted to the issues and adequate as a guide for the jury in reaching a correct verdict. *Cappella* v. *New York, N.H. & H.R. Co.*, 154 Conn. 410, 414, 226 A.2d 394.

The defendant's final assignment of error relates to the court's refusal to permit the defendant to amplify its grounds of exception to the portion of the charge given in response to the jury's question on the issue of momentary inattention. The defendant duly excepted to the additional charge as given, and the jury retired to deliberate. After the noon recess, the defendant sought to present additional exceptions to the court's charge which the court refused to entertain. The defendant makes no claim that it was not given adequate opportunity to except

to the court's instruction when it was originally given. Section 249 of the Practice Book requires that exceptions be taken "immediately after the charge is delivered." The purpose of the rule is to alert the court to any claims of error while there is still an opportunity for correction. *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251. It was within the discretion of the court to refuse to allow the defendant's additional exceptions to be made at a time other than immediately after the charge was delivered.

There is no error.

In this opinion the other judges concurred.