[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Helen Bucior, brought this action against the defendant, Rose Paterno, on several theories of intentional tort. The First Count alleges wrongful, malicious and intentional interference; the Second Count adds a claim of harassment; the Third Count adds a claim of nuisance. There is no claim of negligent conduct. At the close of the plaintiff's evidence, the defendant moved for dismissal under Section 302 of the Practice Book. The court reserved decision on that motion; thereafter, the defendant presented evidence and rested. By way of evidence, the parties stipulated to submit the transcript of an earlier prejudgment remedy hearing supplemented by the brief oral testimony of both parties.
In order to establish a claim of tortious interference with contract, the plaintiff must prove the existence of a contractual or beneficial relationship, defendant's knowledge of that relationship, intent to interfere and consequent actual loss or damage suffered by plaintiff. Hart, Nininger and Campbell Assoc., Inc. v. Rogers, 16 Conn. App. 619 (1988).
"The characteristic element (of a cause of action based on wilful or malicious injury) is the design to injure, either actually entertained or to be implied from the conduct and circumstances." Leutine v. McAvoy,105 Conn. 528 at 531 (1927) quoting from Sharke v. Skilton, 93 Conn. 503, CT Page 1563 507 (1910).
In ruling on a motion for judgment of dismissal, "(T)he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to him, and every reasonable inference is to be drawn in his favor." Hinchcliffe v. American Motors, 184 Conn. 607,609-610, cited in Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 548.
"Such a disposition of a case may be resorted to only when a plaintiff has failed to make out a prima facie case, that is, when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." Minicozzi v. Atlantic Refining Co., 143 Conn. 225, 230.
The evidence established that the parties own jointly a seasonal duplex cottage at 12 Beach Road East, in Old Saybrook. The defendant occupies her portion from May to October while the plaintiff occasionally uses the cottage but generally rents it out. Both portions of the cottage are serviced by a common water main. In October, 1986, a leak in the pipe serving the duplex caused a flooding problem. The defendant arranged to have the leak repaired. While she did not instruct the plumber to cut off plaintiff's water supply, that did occur and only defendant's portion of the pipe was repaired. Defendant's plumber told her that the water company would not approve reconnecting the water pipe the way it had been. Defendant notified plaintiff by letter in October, 1986 of the pipe leak.
After long delays, the plaintiff made efforts to have repairs performed that would resume water supply to her portion of the cottage. While she claimed intentional interference by defendant with her efforts to have plumbers make repairs, the evidence did not establish that assertion. Ultimately, repairs were made and plaintiff claimed substantial damages by way of lost rental and cost of repair.
The evidence presented fell far short of establishing a prima facie case of intentional interference, harassment or nuisance. There was virtually no evidence of the latter two causes of action.
Because of an unfortunate and long-standing dispute between the parties, the defendant did not cooperate with plaintiff's efforts to repair. However, there was no CT Page 1564 material evidence of intentional conduct by defendant constituting the causes of action pleaded. The conduct of defendant is now allowing plumbers to work on the premises on several occasions was not proven to be intentional interference with contract. By reason of the court's conclusions regarding the failure to establish a prima facie case, it is not necessary to discuss the matters of damages or plaintiff's failure to make reasonable and prompt efforts to repair or give notice of such efforts to defendant.
For the foregoing reasons, the defendant's motion to dismiss for failure to make out a prima facie case is granted.
SCHALLER, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk