JOANN TERRAZZANO *v.* BERNICE SPORNA ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 4—decided July 16, 1968

*Charles G. Albom* and *Robert J. Gillooly,* for the appellants (defendants).

*Nathan Goldberg,* for the appellee (plaintiff).

ALCORN, J. In her complaint in this action, the plaintiff claimed that, while driving her automobile in New Haven, she stopped in obedience to a traffic signal at an intersection, and, while stopped, her vehicle was struck in the rear by an automobile owned by the named defendant. Alleging the negligent operation of that defendant's vehicle, the plaintiff sought to recover for the damage to her automobile and damages for her own personal injury.

Following a summary judgment in the plaintiff's favor on the issue of liability, the case was tried to

a jury on the issue of damages. The defendants called no witnesses and introduced no evidence except the plaintiff's hospital record, choosing to rest their defense mainly on the claimed weakness of the plaintiff's proof and the cross-examination of the plaintiff's witnesses. The defense effort was to cast doubt upon the plaintiff's claim that a muscular and ligamentous injury to her lower back resulted from the collision. In addition to evidence of personal injury, however, the plaintiff offered evidence of the property damage to her automobile, and this latter item of damage was not disputed by the defendants.

The court charged the jury concerning the plaintiff's burden to prove her claimed injury and damage, the credibility of witnesses, the inferences which might properly be drawn from the failure to call an available witness and the fact that the defendants' responsibility for negligently causing the collision had already been determined. It charged that the issues before the jury were whether the defendants' negligent act was a proximate cause of the plaintiff's claimed injuries and, if that causal connection was established, the extent of those injuries and the amount the plaintiff should recover as damages, and it gave the rules to be applied in determining such damages.

When the jury retired, the court submitted to them only a plaintiff's verdict form for use in rendering their verdict. The jury returned a verdict for the plaintiff to recover $5000 damages. The defendants moved that the verdict be set aside as contrary to the evidence, the law, and "the facts." The court denied the motion, and no issue is made of that denial on this appeal. The claims now made are that the court erred in failing to submit a de-

fendant's verdict form to the jury, in charging the jury regarding "future suffering and expenses post-dating the trial" and in a ruling on evidence. No correction in the finding is required.

The plaintiff offered evidence from which she claimed to have proved that on March 2, 1965, the date of the collision, she was in her ninth month of pregnancy. The collision pushed her standing automobile forward about five or ten feet in spite of the fact that she had her foot on the foot brake. The impact threw her head back and then forward on to the steering wheel, and her left rib cage and stomach came in contact with the steering wheel. A healthy child was born eight days later. The issue which was litigated was whether the dull, constant ache and back pain which the plaintiff claimed that she suffered from the date of the collision, with attendant sleeplessness, necessity for physiotherapy, use of a back support to January, 1966, and use of a hard mattress and bed board, was due to the collision or was accounted for, wholly or in part, by a fall in which she fractured five vertebrae in 1954, the birth of the child in March, 1965, a fall on a stairway in August, 1966, or another pregnancy resulting in the birth of a child in September, 1966. The plaintiff's physician concluded that the plaintiff's back pains were caused by the collision, that her injuries were not permanent and that her symptoms would gradually improve and disappear. Evidence was before the jury concerning the expense of emergency room treatment at a hospital, appliances, and household help, as well as the undisputed estimate of damage to the automobile.

As the case was presented, it is apparent that there was no dispute that the plaintiff was entitled to recover for property damage to her car, and the

only contested questions before the jury were whether the collision had caused any personal injury to the plaintiff and, if it had, the amount which she should recover as damages, the resolution of which had to depend on the credence to be given to the plaintiff's witnesses.

At the conclusion of the charge, counsel for the defendants noted that only one verdict form was being submitted to the jury. His objection to that procedure, if it may be called that, was only "that the jury has a right to disbelieve any testimony in terms of proximate causation of this accident with this woman's injuries." The objection was without merit because it failed to recognize the fact that the plaintiff had offered evidence of property damage which was not in dispute. Since that was so, the only proper verdict which the jury could have rendered was a plaintiff's verdict even though it might have embraced only an allowance for the property damage. Although it would have been proper for the court to have charged the jury on the subject of nominal damages in relation to the contested issue of personal injury, the failure to do so was not assigned as error.

The claim that the court erred in charging the jury as to future pain, suffering, incapacity and physical impairment is also ineffective. The defendants' counsel objected to this portion of the charge, whereupon the court recalled the jury and elaborated on this subject. Following these further instructions, counsel took no exception. In the absence of both a request to charge and an exception, there is no claim of error properly before us. Practice Book § 249; *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251.

The single ruling on evidence which is pursued in

the brief relates to a hypothetical question asked of one of the plaintiff's doctors.. The claim now made is that the court should not have permitted the question to be answered because it was "garbled, unintelligible and meaningless." The claimed error is improperly presented in the finding because two objections and rulings are embraced in the same paragraph. Practice Book § 648; *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 281, 197 A.2d 73. Quite aside from that defect, however, is the more important fact that the claim now made was not the basis of either of the objections voiced in the trial court. The two objections there made, both of which the court overruled, were, first, that a particular fact was omitted from the question and, second, that "no foundation [was] laid" for the question. We do not undertake to consider whether a trial court erred in a ruling which it neither made nor was asked to make. *State* v. *Reid,* 146 Conn. 227, 232, 149 A.2d 698; *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 294, 141 A.2d 634.

There is no error.

In this opinion the other judges concurred.