MARILYN ENLUND ET AL. *v.* JOHN D. BUSKE

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued December 1, 1970—decided January 20, 1971

*William W. Sprague,* with whom, on the brief, was *William E. FitzGerald,* for the appellant (defendant).

*Abram A. Washton,* with whom was *Robert I. Reardon, Jr.,* for the appellees (plaintiffs).

THIM, J.  This action arose out of an intersection collision involving two automobiles on the afternoon of February 10, 1965, in New London.  Three plaintiffs brought this action:  Kenneth Falconi, the operator of one vehicle; Grace Falconi, the owner of that vehicle; and Marilyn Enlund, a passenger in the Falconi vehicle.  The defendant, John D. Buske, was the operator of the other vehicle involved in the collision.  The plaintiffs Enlund and Kenneth Falconi claim damages for injuries and for pain and suffering, both present and future, and for past and future medical expenses.  The plaintiff Kenneth Falconi, hereinafter referred to as the plaintiff, claimed further damages for loss of earning capacity.  The plaintiff Grace Falconi sought to recover for the damage to her automobile.  The defendant denied the plaintiffs' charge of negligence and alleged, by way of a special defense, that Kenneth Falconi, as operator-agent, and Grace Falconi, as owner-principal, were contributorily negligent.

The case was tried to a jury and verdicts were returned in favor of all three plaintiffs.  The defendant has appealed to this court from the judgment rendered on the verdicts.  He has assigned error in the denial of his motion to set the verdict aside, in the court's charge to the jury and in the finding.

During the argument on this appeal the defendant conceded that the plaintiff passenger's case was not involved in the appeal. We find that the defendant's assignment of error concerning the charge to the jury on the credibility of the witnesses is dispositive of this appeal.

The plaintiff offered evidence to prove, and claimed to have proved, that following the accident his preexisting psoriasis condition, which had been quiescent, was reactivated. This reactivation was caused by the accident. As a result of the psoriasis condition the plaintiff was too embarrassed to look for work, and when he did look for work, his appearance, due to the psoriasis, prevented him from finding work. After the accident the plaintiff received some unemployment compensation.

The defendant offered evidence to prove, and claimed to have proved, that, following the accident, the plaintiff received unemployment compensation, and that unemployment compensation is not available to a person who is disabled and thus unable to work. Also, after the accident, the plaintiff never filed a notice with the unemployment compensation commission stating that he was disabled. Further, the plaintiff claimed, for the purpose of obtaining unemployment compensation, that he was able and available for work, while, at the same time, he claims, for the purpose of obtaining damages for loss of earning capacity, that he was disabled and not available for work. The defendant claims that this evidence placed the plaintiff's credibility in question.

The court charged the jury that the credibility of witnesses was a matter solely within their judgment. As far as that charge went, it was proper, and no error has been assigned to it. Following that, however, the court related to the jury the allegations of

the special defense as to the plaintiff's contributory negligence, eliminated several from the jury's consideration, told them to consider those which they felt they should consider and told them, as to liability, "I think the case is fairly susceptible to an early judgment in that respect." The court then turned to the issue of damages and charged the jury, concerning the plaintiff's unemployment compensation, that those payments did not mitigate damages, but it later changed that charge to leave the question with the jury. Finally, the court charged the jury: "[Y]ou've got honest people here. . . . I think there has been truthfulness on both sides, and I don't think there is any question about it." The defendant took exception to these portions of the charge, which resulted in the noted change in the charge on unemployment compensation, but no new charge resulted on the issue of credibility.

The defendant contends, in essence, that the charge took the issue of Kenneth Falconi's credibility from the jury. He claims that the charge concerning an early judgment implied to the jury that there were no difficult questions, whereas that of credibility, which was vital, might well have been difficult. Further, the court treated the unemployment compensation issue as one solely concerning mitigation of damages. And finally, by charging that all parties had been "truthful" the court had, in effect, charged that there was no issue of credibility.

The credibility of a witness is for the jury to determine. *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 81, 245 A.2d 129; *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730; *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913; 53 Am. Jur., Trial, 473. Such a jury determination may not be inter-

fered with by the trial judge in his charge. *Burke* v. *Fancher,* 151 Conn. 640, 642, 201 A.2d 461; *Quednau* v. *Langrish,* 144 Conn. 706, 711, 137 A.2d 544; see 53 Am. Jur., Trial, 461. Further, "[t]he charge ought not to contain contradictory statements of the law or statements which might be so construed." *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, 740, 130 A. 102; see *Bailey* v. *Bruneau's Truck Service, Inc.,* 149 Conn. 46, 57, 175 A.2d 372; *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170.

While the court's comments on the honesty of the witnesses may not have been "statements of the law," they may well have been so construed by the jury. The court has wide discretion in its charge and its comments, but those comments must be reasonable and fair. *Ladd* v. *Burdge,* 132 Conn. 296, 298, 43 A.2d 752. They must not mislead the jury. Maltbie, Conn. App. Proc. § 99. "The test is whether the charge, considered as a whole, fairly presents the case to the jury so that no injustice will result." *Danehy* v. *Metz,* 140 Conn. 376, 379, 100 A.2d 843; *Antz* v. *Coppolo,* 137 Conn. 69, 72, 75 A.2d 36.

In this case the court charged on the honesty of the parties and it charged on the testimony concerning unemployment compensation. The charge on the testimony concerning unemployment compensation, even as corrected, dealt solely with the damages aspect of the case. Since the testimony was introduced to attack the plaintiff's credibility, and since it was vital to that attack, that portion of the charge, focused as it was on damages alone, clearly operated so as to confuse the jury. While such a charge by itself would not mislead a jury on the issue of credibility, it does when it is combined with the comment on honesty. Together, they operated to direct the jury to believe the plaintiff's testimony

as regards his inability to work. As stated in *Ladd* v. *Burdge,* supra, 299, the court "practically told the jury how to decide disputed issues of fact and thus exceeded its power of comment on the evidence." The charge was thus improper.

We note that after the jury were recalled and the supplemental charge was given, no new exception was taken on the charge and comment concerning credibility. Where a court specifically corrects a portion of its charge after an exception is taken to it, the rule is that the excepting party must again except to the charge as corrected. If he does not so except he may not claim that alleged error on appeal. *Terrazzano* v. *Sporna,* 157 Conn. 39, 43, 244 A.2d 599. In this case, however, after the defendant excepted to the charge on credibility, the court made no corrections and did not supplement its charge on the issue. The court had been apprised of the error claimed, but apparently chose to disagree. That charge thus may be assigned as error.

The plaintiffs claim that the defendant should have requested special instructions on credibility if such instructions were desired. That, however, is not the issue. The defendant does not appear to claim that the instructions on credibility were inadequate. Rather, he claims that they were misleading as a result of the comments on honesty. If the court had stopped after its charge on credibility, and had not informed the jury that all of the witnesses were honest people, there would have been no error in that portion of the charge. In fact, the defendant neither excepted to the specific charge on credibility, nor did he assign it as error. Thus, while special instructions might have been appropriate, the absence of a request for them is not material to this appeal.

The plaintiffs also contend that the statement on honesty applied to all parties equally and thus, if there is error, it is not harmful error. For us to agree would be to ignore the issues raised in this case. The record discloses only one party whose credibility was directly put in question. That party was the plaintiff, Kenneth Falconi. The comment, as applied to the other witnesses in this case, was not prejudicial. Kenneth Falconi's credibility, however, was at issue, and the court's charge, therefore, acted to negate the defendant's attempt to discredit the plaintiff's testimony. A jury verdict may be set aside for partiality, prejudice, corruption or mistake. *Jerz* v. *Humphrey,* 160 Conn. 219, 224, 276 A.2d 884; *Hook* v. *Dubuque,* 153 Conn. 113, 115, 214 A.2d 376. Here, the charge was misleading and was thus likely to cause the jury to mistake their role on the issue of the credibility of the plaintiff. As a result, the charge was prejudicial to the defendant, it could have had a profound effect on the jury's verdict, and it was harmful error.

Had the jury found that Kenneth Falconi was not a credible witness, the principle of falsus in uno, falsus in omnibus would have been applicable and might have tainted all of his testimony. See *Willametz* v. *Guida-Seibert Dairy Co.,* 157 Conn. 295, 254 A.2d 473. Had the jury so found, they might well have reached a different conclusion on the issue of liability. For that reason the error affects the issues of proximate cause and contributory negligence as well as the award of damages. A new trial on all issues related to Grace and Kenneth Falconi will therefore be necessary.

There is error, the judgment as to Kenneth and Grace Falconi is set aside and a new trial is ordered.

In this opinion the other judges concurred.