[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION FOR A NEW TRIAL (143) MOTION FOR ADDITUR (144)
This matter was returned to court on December 26, 1989. CT Page 2503 The case arose out of a collision between two automobiles which occurred on March 31, 1989, at approximately 2:15 p.m. in Meriden, Connecticut. Both vehicles were traveling northerly on Old Colony Road at the time. Defendant's vehicle collided with the rear of plaintiff's vehicle which had stopped to make a left hand turn into a private parking lot. In July of 1990, the plaintiff amended his complaint to add a second count charging the defendant with reckless disregard of sections 14-218a, 14-219
and 14-222 of the Connecticut General Statutes.
Defendant denied the plaintiff's allegations of negligence and recklessness and also filed a special defense alleging contributory negligence. Plaintiff denied this special defense.
On August 16, 1990, the jury returned Jury Interrogatories and Plaintiff's Verdict on Count One. The jury found no contributory negligence on the part of the plaintiff and awarded him $6,252.00 for past and future economic damages and the sum of $2,248.00 damages for his past and future non-economic damages. The jury returned a verdict for the defendant on count two.
The plaintiff submitted a Memorandum in Support of his Motion for Additur contending that the verdict of $8,500.00 was less than the out of pocket special damages (past economic damages) and is therefore unconscionable.
Conn. Gen. Stat. sec. 52-216a authorizes adjustments for excessive or inadequate verdicts. If the court concluded that the verdict is inadequate as a matter of law, it shall order an additur. Section 52-216 of the general statutes requires the court to submit all questions of fact to the jury. The elements of damages are factual in nature and the amount of damages are within the province of the jury. "[L]itigants have a constitutional right to have issues of fact decided by the jury." Bambus v. Bridgeport Gas Co., 148 Conn. 167, 169. "To justify setting aside a verdict, something more than a doubt of its adequacy must exist." Vetre v. Reene, 181 Conn. 136, 141. Ultimately the court must determine "[W]hether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Birgel v. Heintz, 163 Conn. 23, 28.
From the moment the jury was impaneled defense counsel challenged the jury to consider whether the evidence would justify a finding that the plaintiffs past and future economic damages were reasonable and necessary. Considering all the evidence the jury was at liberty to accept defendant's contention CT Page 2504 which was a considerable part of her closing argument that some of plaintiffs economic damages were not reasonable and necessary.
The defendant offered expert evidence which minimized the evidence of the plaintiff regarding the injuries to his back and neck. Although the defendant offered no expert testimony on the issue of the claimed injury to plaintiff's jaw the jury was within its prerogatives to accept or reject the plaintiffs direct evidence on this issue. The credibility of a witness is for the jury to determine. Edlund v. Buske, 160 Conn. 327, 330
(1971); Miller v. Drouin, 183 Conn. 189.
The jury's conclusion on the matter of damages were based on evidence on which reasonable men might differ. Giving consideration to all the evidence pertaining to plaintiffs injuries, his short period of the disability, his recovery and his present capacity for strenuous work the verdict in no sense so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. Therefore, the court cannot conclude that the verdict is inadequate as a matter of law.
Accordingly, plaintiff's Motion for a New Trial and Motion for Additur are denied.
DONALD T. DORSEY JUDGE, SUPERIOR COURT