[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action went to verdict on June 18, 1993, the jury having awarded the plaintiff the sum of $250,000.00 against the defendant. Thereafter, the defendant filed a motion for remittitur, a motion CT Page 8275 to set aside the verdict and/or in the alternative, for judgment notwithstanding verdict, and a motion for order of the court to require plaintiff to disclose the amount of a settlement.
The jury could reasonably have found from the evidence that the defendant's professional negligence caused the plaintiff's injuries and damages, including future surgery involving at least two hip replacements. Moreover, the defendant presented evidence to the jury concerning the plaintiff's claims in an action against the operator of the vehicle that struck the plaintiff and it was only after jury selection commenced that a settlement was reached with the hospital. Thus the jury was made fully aware of every aspect of the different injuries and the different claims against various parties made by the plaintiff as a result of being struck on his right by an automobile while operating his motorcycle.
The evidence revealed that the defendant failed to discover plaintiff's dislocated right hip for some two months after the accident; that the defendant was called by the family on the day of the accident and was paid to render his professional services in attending to the plaintiff; that the defendant performed elective surgery on the plaintiff's right knee, after viewing x-rays taken by the hospital that, admittedly, were imperfect; that the defendant performed the surgical procedure approximately nine hours after the plaintiff was brought to the hospital and at no time prior to or during surgery did the defendant order any x-rays robe taken of the plaintiff; that only after post-surgical treatment of the plaintiff for approximately eight weeks did the defendant discover that plaintiff's right hip was dislocated; that upon discovery of the dislocated hip, the defendant, without discussion with the plaintiff or his family, caused the plaintiff to be returned to the hospital for surgery to set the hip; that during the course of that surgical procedure, the defendant failed to repair the hip dislocation properly and, as a result, he caused the plaintiff to again undergo surgery the following day.
The plaintiff was a minor, age seventeen, when he was struck by the motor vehicle on April 22, 1985. From that date through June 28, 1985, he underwent three operations performed by the defendant. Two of those operations were necessitated by the defendant's negligence as reflected in the jury's finding of liability for the plaintiff. The parties stipulated to the jury that the actuarial expectancy of life for the plaintiff was 49 years at the time of trial. CT Page 8276
Evidence was presented to the jury that the plaintiff would have to undergo two hip replacements, presently valued at $30,000.00 each, over the course of his life. These considerations weigh heavily in determining whether the verdict in this case was excessive. The test to be applied to such a claim "is whether the verdict `so shocks the conscience as to compel a . . . conclusion that it was due to partiality, prejudice or mistake.'" Mauro v. Yale-New Haven Hospital, 31 Conn. App. 584, 591 (1993), citing Martin v. Samulis, 24 Conn. App. 85, 89 (1991).
"The verdict must fall `somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case . . . .' (Internal quotation marks omitted.)," citing Seymour v. Carcia, 24 Conn. App. 446, 455 (1991), aff'd, 221 Conn. 473, (1992). In addition to the jury verdict of $250,000.00, the plaintiff settled his claim against the hospital for $70,000.00. The action initially filed on his behalf by his parents against the motor vehicle operator was resolved for $140,000.00. A total of $460,000.00 thus was received by the plaintiff.
It cannot fairly be said that the verdict of $250,000.00 was excessive, taking into account all of the factors considered. In light of the evidence presented in this case, it could reasonably be argued that a court would be compelled to reach the same conclusion had the jury awarded higher damages.
The motion for order of court to require disclosure of the amount of settlement with Yale-New Haven Hospital was withdrawn at argument. The motions for remittitur and to set aside the verdict and/or in the alternative motion for judgment notwithstanding verdict are denied in their entirety.
BY THE COURT
Leander C. Gray, Judge