THOMAS A. McSWIGGAN *v*. KERA A. KAMINSKY ET AL.
(12283)

FREEDMAN, SCHALLER and SPEAR, Js.

Argued April 25—decision released August 30, 1994

*John D. Jessep,* for the appellant (plaintiff).

*Paul E. Pollock,* with whom, on the brief, was *Colleen D. Fries,* for the appellees (defendants).

SPEAR, J. The plaintiff appeals from the judgment rendered in his favor in a personal injury action. He claims that the trial court's instructions as to the difficulty of proving pain and suffering improperly enlarged his burden of proof. We agree and reverse the judgment.

The jury reasonably could have found the following facts. On May 1, 1988, the plaintiff was standing in a parking lot when a car operated by the defendant Kera A. Kaminsky and owned by the defendant Zane Kaminsky backed up and struck the plaintiff. The force was sufficient to break the plaintiff's left leg and turn his foot 180 degrees. The plaintiff was transported to the hospital where he underwent surgery to manipulate his tibia and fibula back into place. He returned to the hospital ten days later and underwent a second surgery after the orthopedist discovered that the plaintiff's fractured bones were again displaced. To stabi-

lize the fractured bones, metal plates and bone grafts removed from the plaintiff's hip were inserted in his leg. On May 16, 1989, the plaintiff underwent a third surgery in which the plates and screws were removed from his leg.

In February, 1992, doctors discovered that new bone had grown between the plaintiff's tibia and fibula, resulting in a restricted range of motion and a limp in his walk. This condition necessitated further surgery. As a result of the pain, the plaintiff slept poorly and experienced nightmares. He also experienced physical difficulties in attempting to work and his emotional state "was not very good." Since the injury, his leg has felt unusually cold, he has not participated in any sports and he has a poor gait.

The jury returned a verdict of $81,159.03, consisting of economic damages of $66,159.03 and damages for pain, suffering and permanent injuries of $15,000.[1] The plaintiff moved to set aside the verdict because of the allegedly improper instructions and the inadequate pain and suffering award. After denying the motion, the trial court rendered judgment on the verdict, and this appeal ensued.

As a threshold issue, we must first determine whether the plaintiff properly preserved his claim for appeal. The defendants contend that the plaintiff failed to except properly to the jury charges regarding physical and mental pain and suffering and, therefore, is precluded from raising any claim of error in the charge on appeal. We disagree.

The trial court instructed the jury concerning physical and mental pain and suffering on three occasions: (1) during the initial charge to the jury; (2) in the sup-

---

[1] The defendants admitted liability and the trial was to determine only the issue of damages.

plemental instruction after the plaintiff's exception; and (3) in the instruction given in response to the jury's request for guidance on the issue of pain and suffering.[2]

Practice Book § 315 provides that jury instructions are reviewable if "the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered."[3] See also *Yale University School of Medicine* v. *Collier,* 206 Conn. 31, 39–40, 536 A.2d 588 (1988); *Kevin Roche-John Dinkeloo & Associates* v. *New Haven,* 205 Conn. 741, 750, 355 A.2d 1287 (1988); *Mauro* v. *Yale-New Haven Hospital,* 31 Conn. App. 584, 591, 627 A.2d 443 (1993). The plaintiff properly took exception to the initial charge but did not except to the second and third charges. The defendants claim that further exceptions were necessary because our Supreme Court has stated that "[w]here a court *specifically* corrects a portion of its charge after an exception is taken to it, the rule is that the excepting party must again except to the charge as corrected. If he does not so except, he may not claim that alleged error on appeal." (Emphasis added.) *Enlund* v. *Buske,* 160 Conn. 327, 332, 278 A.2d 815 (1971). Contrary to the defendants' assertion, however, this is not fatal to the plaintiff's appeal because the trial court did not make any *specific* corrections to the first instruction. Rather, it simply gave a second instruction without correcting the initial charge. In the third and final instruction, the trial court referred the jury back to the first instruction.

---

[2] See footnote 5 and accompanying text for a discussion of the three jury instructions.

[3] Practice Book § 315 provides: "The [Appellate Court] shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury."

In *Enlund,* our Supreme Court held that where a party properly excepts to the initial charge and the court does *not* make any subsequent corrections to its instructions, the initial charge may be properly assigned as error on appeal. Id. By excepting to the initial charge on pain and suffering, the plaintiff properly preserved this claim for our consideration.

The plaintiff asserts that the trial court improperly instructed the jury as to pain and suffering. We agree.

"In assessing the adequacy of a charge to the jury, we consider the charge in its entirety, and judge it by its total effect rather than by its individual component parts. . . . We consider whether the instructions are sufficiently correct in law, adapted to the issues and ample for the guidance of the jury. . . . The charge must give the jurors a clear comprehension of the issues presented for their determination under the pleadings and upon the evidence, and must be suited to guide them in the determination of those issues." (Citations omitted.) *Goodmaster* v. *Houser,* 225 Conn. 637, 644–45, 625 A.2d 1366 (1993); see also *Preston* v. *Keith,* 217 Conn. 12, 17, 584 A.2d 439 (1991); *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664 (1953).

The court charged the jury with regard to physical and mental pain and suffering as follows: "There was evidence that the plaintiff's injuries were painful to him at the time and that he has had pain from time to time. If you find that he has suffered and continued to suffer physical and mental pain and suffering, he's entitled to be compensated for it. *You should keep in mind that pain and suffering is difficult to prove and disprove and there's always the possibility that there is no real basis for the claim. Consider the evidence with care,* but if it is proven by a preponderance of the evidence you should award damages for the plaintiff for physical and mental pain and suffering to the extent that it exists." (Emphasis added.)

After the jury was excused, the plaintiff excepted to the trial court's charge. The jury was brought back and further instructed: "I think I also did mention to you on the concept of pain and suffering that what's involved in that is both physical pain and mental suffering. They're similar but related concepts, so you can award—to the extent that you find . . . pain and suffering, physical and mental exist you're entitled to award damages for that if proven by a fair preponderance of the evidence."

Shortly after the jury retired to deliberate, they returned and requested guidance from the trial judge with respect to his charge on physical and mental pain and suffering.[4] His further explanation did not correct the first instruction. The court referred to its original instruction stating that: "You should keep in mind as I indicated to you originally that *this is something that is difficult to prove or disprove.* And there's always the possibility that claims can be either overrated or underrated. And you should consider the evidence and decide if it's been proven by a preponderance of the evidence if there is a pain and suffering award and to the extent there is, you should award damages for it."[5] (Emphasis added.)

---

[4] The note from the jury was apparently lost.

[5] The full instruction given in response to the jury's request is as follows: "I have your question. You've asked me for some guidance concerning pain and suffering. There's no set mathematical formula that you can apply. You should determine whether and to what extent it is reasonably probable that the plaintiff has had pain and suffering in the past and will in the future.

"To the extent that the plaintiff has proven this by a preponderance of the evidence, or the various components of it, the plaintiff is entitled to an award for past pain and suffering and future pain and suffering and this would include physical pain and mental suffering the plaintiff has endured or you find he will endure in the future, that as well.

"And you will recall the evidence on this subject. I—rather than telling you what my recollection is, you should depend on your own combined

The plaintiff contends that *Buckley* v. *Lovallo,* 2 Conn. App. 579, 481 A.2d 1286 (1984), is dispositive of this appeal. In *Buckley,* we held that instructions similar to those given in the present case were improper and we remanded the case for a new trial on the issue of damages. In *Buckley* v. *Lovallo,* supra, 587–88, the court charged the jury as follows: " 'A plaintiff injured by the wrongdoing of another is just as much entitled to be compensated for mental suffering thereby, and the results that would [proximately] follow from it, as well as physical suffering. *From the nature of the evidence in support of such suffering, however, it is difficult to prove or disprove its existence or extent with certainty, and there is always the possibility that there is no real basis for the claim or that the suffering, to a greater or lesser extent, is exaggerated. For that reason, you should scrutinize with care the evidence offered and approach the matter with caution.* But if you are satisfied that a fair preponderance of the evidence supports the claim, the plaintiff is entitled to be compensated for mental distress and suffering.' (Emphasis added.)" We found that "[t]he [trial] court, in effect, instructed the jury, by the language italicized above,

recollection on what testimony there was as to pain in the past on the part of the plaintiff.

*"You should keep in mind as I indicated to you originally that this is something that is difficult to prove or disprove. And there's always the possibility that claims can be either overrated or underrated.* And you should consider the evidence and decide if it's been proven by a preponderance of the evidence if there is a pain and suffering award and to the extent there is, you should award damages for it.

"The amount of damages is discretionary with the jury. You should award what you think is fair, just and reasonable based on the evidence that you've heard if you make a pain and suffering award. And bear in mind that the purpose of damages in general is to compensate the plaintiff fairly for his injuries and not to punish the defendant.

"That's about all I can tell you about it. There is as I said no set mathematical formula to determine these things. It's a matter within your common sense and good judgment." (Emphasis added.)

to apply a more exacting gauge to the plaintiff's claims of mental suffering than to those of physical suffering. This was error." Id., 588.

Likewise, in this case, the trial court drew attention to the difficulty the plaintiff faced in proving both mental and physical pain and suffering. Moreover, the trial court shed doubt on whether there was a real basis for the plaintiff's claim and cautioned the jury to "consider the evidence with care," thus encouraging it to apply a more exacting standard to the plaintiff's claims of physical and mental pain and suffering. Although the instructions here and in *Buckley* are not exactly the same, they suffer from the same infirmity. The reasoning set forth in *Buckley* applies to the circumstances in this case.

The fact that the judge instructed the jury to apply the fair preponderance of the evidence test does not cure the instruction of its error. In *Buckley* v. *Lovallo,* supra, 2 Conn. App. 589, we held that "[a]lthough the court, at the end of the challenged portion of the charge, adverted to a burden of proof by a fair preponderance of the evidence, the gist of the charge clearly indicated that the jury should apply that standard more critically to the plaintiff's claims of mental suffering than to the rest of her case. The jury was likely, therefore, to have been misled as to the correct standard to use in determining damages for mental suffering. This charge constituted material error."

"Before a party is entitled to a new trial because of an erroneous ruling, he or she must demonstrate that the error was harmful. . . . In a civil case, the determining standard is whether the erroneous ruling would likely affect the result." (Citation omitted.) *Joblin* v. *LaBow,* 33 Conn. App. 365, 368, 635 A.2d 874 (1993). This standard applies to jury instructions as well as

evidentiary rulings. See *Blancato* v. *Randino,* 33 Conn. App. 44, 49, 632 A.2d 1144, cert. denied, 228 Conn. 916, 636 A.2d 846 (1993).

The defendants argue that this court should view the charge as a whole and not isolate certain words and phrases. We agree. In doing so, we are mindful that our Supreme Court has found that even one sentence in a voluminous jury charge required reversal where "the error was probably harmful." The court stated: "a charge to the jury is to be judged in its entirety and harmful error cannot be predicated on detached sentences or portions of the charge *unless it is reasonably probable that the jury could have been misled by them.*" (Emphasis added; internal quotation marks omitted.) *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 295, 465 A.2d 294 (1983). The instructions clearly indicated to the jury that the plaintiff's claims for physical and mental pain and suffering warranted a special scrutiny and invited a more stringent standard of proof than by fair preponderance. To recover for physical and mental pain and suffering, however, the plaintiff is required to meet only the fair preponderance of the evidence standard. *Buckley* v. *Lovallo,* supra, 2 Conn. App. 589.

Contrary to the defendants' assertion, the two subsequent charges to the jury did not cure the initial defective instruction. While the second instruction standing alone would have been legally correct, it did not dispel the earlier notion that evidence of physical and mental pain and suffering should be subjected to a more exacting standard of proof than a mere preponderance of the evidence. The jury likely relied on the third instruction in which the judge referred back to the initial charge, which cast doubt on whether there was a real basis for the plaintiff's claim for pain and suffering and instructed the jury to look at the evidence "with care." Thus, the instruction was harmful.

The judgment is reversed and the case is remanded for a new hearing in damages.

In this opinion the other judges concurred.