[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO STRIKE
The plaintiff, Richard Gabriele, alleges that he sustained personal injuries while driving his motorcycle on a ferry operated by the defendant, Bridgeport Port Jefferson Steamboat Company. The plaintiff contends that the defendant was negligent because the ramp from the shore to the ferry had a metal protrusion which caused the plaintiff to be injured.
The defendant filed a number of special defenses to the complaint, and the plaintiff in turn filed a motion (#116) to strike these special defenses. "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear StillHill Road, LLC., 64 Conn. App. 9, 13, ___ A.2d ___ (2001). "Facts which are consistent with [the plaintiffs statements of fact] but show, notwithstanding, that the plaintiff has no cause of action must be specially alleged)" Practice Book § 10-50.
The first special defense which is the subject of the motion to strike states that the complaint "fails to state a cause of action upon which relief may be granted." In opposing the motion to strike, the defendant cites a 1995 case in which the undersigned denied a motion by the plaintiff in that case to strike a special defense which simply stated that an allegation that the plaintiff had violated "CUTPA"[1] was legally insufficient. The court relied on a footnote in Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535 n. 5, 546 A.2d 216 (1988). A further review of that case and its footnote leads to the conclusion that it holds that a trial court may not award damages to a plaintiff who fails to plead allegations essential to a particular cause of action. The case does not, however, countenance a special defense that merely recites that a pleading fails to set forth a cognizable cause of action without saying why the defendant believes that to be true. Therefore, the plaintiff's motion to strike the first special defense is granted.
The second and third special defenses contend that the plaintiff himself and some other unnamed individuals, respectively, were themselves negligent, which negligence was the cause of any injuries that the plaintiff had sustained. These defenses do not comply with the provisions of Practice Book § 10-53 that the defendant "speciffy" the alleged contributory negligence that caused the plaintiff's injuries. Hence, the motion to strike these two defenses is granted.
The fourth special defense claims the benefit of the "Shipowner's Limitation of Liability Act, 46 United States Code 183 et seq." The defendant's amended answer including the same special defense fails to set forth any facts detailing how or in what manner that federal statute absolves the defendant of liability for the plaintiff's alleged CT Page 13262 injuries. It is axiomatic in this state that: "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical, Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The motion to strike this special defense is granted.
The fifth special defense contends that the plaintiff "failed to mitigate" his alleged injuries. The plaintiff did not file a request to revise as authorized by Practice Book § 10-35 to ascertain the facts lying behind this assertion. As to the special defense as it now reads, it is arguable that mitigation of damages is not a valid special defense because, one, it is not among those listed in Practice Book § 10-50, and two, it does not allege that a plaintiff has no cause of action, but only that the damages, if any, should be decreased. On the other hand, one could also argue that such a defense notifies the plaintiff of an issue that will be presented in the case and serves to clarify a general denial.
In any event, several appellate cases have permitted such a special defense, viz., Preston v. Keith, 217 Conn. 12, 20 n. 9, 584 A.2d 1157
(1991) and Mauro v. Yale New Haven Hospital, 31 Conn. App. 584, 593,627 A.2d 443 (1993). It also follows that by asserting this special defense, the defendant assumes the burden of proving it. DuBose v.Carabetta, 161 Conn. 254, 262, 287 A.2d 357 (1971). The motion to strike the fifth special defense is denied.
The sixth special defense was withdrawn by agreement of counsel.
Ordered.
William B. Lewis, J.T.R.